[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10402

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KEVIN LAWSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:17-cr-00429-WKW-SRW-1

_____

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Kevin Lawson appeals *pro se* the district court's order denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), as modified by § 603(b) of the First Step Act.[1] He argues that the district court abused its discretion in weighing the 18 U.S.C. § 3553(a) factors and did not explain its reasoning in finding that he had not shown extraordinary or compelling reasons for a sentence reduction. He also contends that he was not required to show that his medical conditions affected his ability to care for himself in the prison. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying Lawson relief.

## I.

We review a district court's denial of a prisoner's 18 U.S.C. § 3582(c)(1)(A) motion for an abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). A district court "must explain its sentencing decisions adequately enough to allow for meaningful appellate review" of its order denying compassionate release. *United States v. Cook*, 998 F.3d 1180, 1183 (11th Cir. 2021) (quotation marks omitted).

---

[1] First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194.

## II.

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). As amended by § 603(b) of the First Step Act, § 3582(c) now provides, in relevant part, that:

> the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

As we recently explained, to grant a reduction under § 3582(c)(1)(A), a district court must find that three necessary conditions are satisfied, which are: "support in the § 3553(a) factors, extraordinary and compelling reasons, and adherence to § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021). District courts do not need to address these three

conditions in any specific sequence because the absence of even one condition forecloses a sentence reduction. *Id.* at 1238.

The policy statement applicable to § 3582(c)(1)(A) is found in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13. The commentary to § 1B1.13 states that extraordinary and compelling reasons exist under any of the circumstances listed, provided that the court determines that the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). *See id.*, comment. (n.1). As relevant here, the commentary lists a defendant's medical condition as a possible extraordinary and compelling reason warranting a sentence reduction. *Id.*, comment. (n.1(A)). A prisoner's medical condition may warrant a sentence reduction if he (1) has a terminal disease or (2) is suffering from a physical or mental condition that diminishes his ability to provide self-care in prison and from which he is not expected to recover. *Id.*, comment. (n.1(A)). The commentary also contains a catch-all provision for "other reasons," which provides that a prisoner may be eligible for a sentence reduction if "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the other specific examples listed. *Id.*, comment. (n.1(D)).

The policy statement in § 1B1.13 is applicable to all motions filed under § 3582(c)(1)(A), including those filed by prisoners, and thus, district courts cannot reduce a sentence under § 3582(c)(1)(A) unless it would be consistent with § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Accordingly, district

courts are precluded "from finding extraordinary and compelling reasons within the catch-all provision beyond those specified" in § 1B1.13. *United States v. Giron*, 15 F.4th 1343, 1347 (11th Cir. 2021). "[T]he confluence of [a defendant's] medical conditions and COVID-19" does not constitute an extraordinary and compelling reason warranting compassionate release if the defendant's medical conditions do not meet the criteria of § 1B1.13, comment. (n.1(A)). *Id.* at 1346.

## III.

As an initial matter, we conclude that the district court's explanation was sufficient for appellate review. Further, we conclude that, based on the record, the district court did not abuse its discretion in denying Lawson's motion for compassionate release because he did not establish extraordinary and compelling reasons. The record does not show any evidence of asthma, other than Lawson's affirmations, or current mental or physical health issues that would diminish his ability to provide self-care in prison. As Lawson's medical conditions do not meet the criteria under § 1B1.13, any confluence between Lawson's alleged asthma or his other conditions and COVID-19 does not warrant a finding of extraordinary and compelling reasons. Because the district court's denial of the motion was sufficient on other grounds, we need not address whether the court's balancing of the § 3553(a) factors was sufficient.

6                    Opinion of the Court                    21-10402

For the aforementioned reasons, we affirm the district court's order denying Lawson's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

**AFFIRMED.**